IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT DEWAYNE BARNES, #114034**                                     **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:15-cv-97-LG-RHW**

**SMCI MEDICAL DEPARTMENT, ET AL.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Robert Dewayne Barnes, an inmate of the Mississippi Department of Corrections, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, and requested *in forma pauperis* (IFP) status on March 23, 2015. The Court entered two separate Orders [3 & 4] on March 24, 2015. One Order [3] directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The other Order [4] directed Plaintiff to pay the required $400.00 filing fee or file a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court within 30 days. The Plaintiff failed to comply with both of the Orders [3 & 4], even though he was warned in these Orders that failure to timely comply with the requirements of the Orders may lead to the dismissal of his Complaint.

An Order to Show Cause [5] was entered on May 5, 2015, directing Plaintiff to

respond on or before May 20, 2015, and explain why this case should not be dismissed for his failure to comply with the Court's Orders [3 & 4]. In addition, Plaintiff was directed to comply with the Orders [3 & 4] on or before May 20, 2015. Plaintiff was warned again that failure to timely comply with the requirements of the Order to Show Cause could result in this cause being dismissed. Even though Plaintiff once again failed to comply with an order of the Court, the Court entered a Second and Final Order to Show Cause [6] on June 3, 2015.

The Second and Final Order to Show Cause [6] directed Plaintiff to respond on or before June 18, 2015. That Order [6] advised the Plaintiff that failure to advise the Court of a change of address or failure to timely comply with the order would result in the dismissal of the instant civil action. A review of the docket reveals that Plaintiff has failed to comply with the Order [6] entered June 3, 2015.

The Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Barnes has failed to comply with four Court Orders [3, 4, 5, 6] and he has not

contacted the Court about this case in over 90 days. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Barnes' failure to prosecute and for failure to comply with the Orders [3, 4, 5, 6] of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this cause is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b). A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE